# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRENDA LOUISE THOMPSON,** } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | Case No.: 2:14-cv-00140-MHH |
| } | |
| **CAROLYN W. COLVIN** } | |
| **Commissioner of the** } | |
| **Social Security Administration** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C. §1383(c), claimant Brenda Louise Thompson seeks judicial review of a final adverse decision of the Commissioner of Social Security denying her claim for supplemental security income. After careful review, the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW:

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In making this evaluation, the Court may not "reweigh the evidence or decide the facts anew," and the Court must "defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 930 (11th Cir. 2013) (quoting *Dyer v. Barnhart*, 395 F.2d 1206, 1210 (11th Cir. 2005)).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

**PROCEDURAL AND FACTUAL BACKGROUND:**

Ms. Thompson filed for supplemental security income on February 14, 2011. (Doc.7-6, pp. 2-8). She alleges that her disability began on October 10, 2008. (Doc. 7-6, p 2). Initially, the Commissioner denied Ms. Thompson's claim, and Ms. Thompson requested a hearing before an Administrative Law Judge (ALJ).

(Doc. 7-5, p.3). The ALJ held a hearing on November 21, 2012. (Doc. 7-5, p.16-21). The ALJ denied Ms. Thompson's claim on December 18, 2012. (Doc. 7-3, p. 15-28). On November 22, 2013, the Appeals Council declined Ms. Thompson's request for review (Doc. 7-3, pp. 2-6), making the Commissioner's decision final and a proper subject of this Court's judicial review. *See* 42 U.S.C. § 1383(c)(3).

Ms. Thompson was 50 years old at the time of the administrative hearing, and she had a high school education. (Doc. 7-3, p. 24). Ms. Thompson has no past relevant work experience. (Doc. 7-3, p. 24). She has not worked since 1990 "because of [her] conditions." (Doc. 7-7, p. 6).

At the administrative hearing, Ms. Thompson testified that her back and knee pain, high blood pressure, and diabetes prevent her from working. (Doc. 7-3, p. 43-49). She told the ALJ that she could only sit for about 30-45 minutes before she had to get up and move around due to her back issues. (Doc. 7-3, p. 47). She also testified that she could only walk about a block and a half before she would have to stop due to shortness of breath. (Doc. 7-3, p. 48). Ms. Thompson stated that her leg and knee pain made it difficult for her to walk or climb stairs and that she has to lie down several times a day due to her back and her low energy, which she believes is due to her diabetes. (Doc. 7-3, p. 49-51). Ms. Thompson rated her back pain between a six and a nine on a 10-point scale, but she admitted that she does not take pain medication other than Ibuprofen. (Doc. 7-3, pp. 52-53). Ms.

Thompson also complained of arthritis in her left hand, but she has not followed a treatment regimen for arthritis because she could not pay for physical therapy co-pays twice a week, and she "could not make the trips" to the physical therapist. (Doc. 7-3, pp. 54, 59).

Ms. Thompson's live-in boyfriend helps her with cooking and other household chores. (Doc. 7-3, p. 57). Ms. Thompson acknowledged that she sweeps, mops, and prepares simple meals. (Doc. 7-3, pp. 56-58).

On December 18, 2012, the ALJ denied Ms. Thompson's claim for benefits. (Doc. 7-3, pp. 18-25). In reaching his decision, the ALJ considered the evidence in the record, including medical findings, medical opinions, and treatment history, and Ms. Thompson's subjective complaints. (Doc. 7-3, pp. 23-25). The ALJ found that Ms. Thompson suffers from the following severe impairments: disorders of the back,[1] degenerative joint disease, left ear conductive hearing loss, obesity, diabetes mellitus, and hypertension. (Doc. 7-3, p. 20). The ALJ determined that these impairments alone or in combination do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 7-3, p. 20).

After careful consideration of the entire record, the ALJ concluded that Ms. Thompson has the residual functional capacity (RFC) to perform light work, "but

---

[1] The ALJ explained that "disorders of the back" was a "placeholder meant to encompass the range of [Ms. Thompson's] back impairments." (Doc. 7-3, p. 20).

she can never climb ladders, ropes or scaffolds, and can only climb ramps and stairs occasionally." (Doc. 7-3, p. 20). In reaching this determination, the ALJ considered Ms. Thompson's allegations, her testimony at the hearing, and her medical treatment history. (Doc. 7-3, p. 21). Based upon Ms. Thompson's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Ms. Thompson can perform, including ticket taker, storage facility rental clerk, and information clerk. (Doc. 7-3, p. 24). Accordingly, the ALJ determined that Ms. Thompson is not disabled under the Social Security Act (Doc. 7-3, p. 18).

## **ANALYSIS:**

To be eligible for disability benefits, a claimant must be disabled. *Gaskin*, 533 Fed. Appx. at 930. "A claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically-determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A claimant must prove that he is disabled. *Id.* (citing *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003)). To determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential analysis.

> This process includes a determination of whether the claimant (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable physical or mental impairment; (3) has such

> an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in the light of his residual functional capacity; and (5) can make an adjustment to other work, in the light of his residual functional capacity, age, education, and work experience.

*Gaskin*, 533 Fed. Appx. at 930 (citation omitted).  "The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite his impairments." *Id.* at 930 (citing *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also* 20 C.F.R. § 404.1545(a)(1).

Ms. Thompson argues that she is entitled to relief from the ALJ's decision because the ALJ did not give substantial weight to the opinion of Mr. Benjamin Dale.  Mr. Dale completed a physical capacities evaluation and clinical assessments of pain and fatigue/weakness for Ms. Thompson.  (Doc. 7-8, pp. 73-77).  Mr. Dale found that Ms. Thompson could lift 10 pounds, sit for four hours, and stand for four hours in an 8-hour day. (Doc. 7-8, p. 73).  Mr. Dale opined that Ms. Thompson should never push or pull, climb stairs or ladders, stoop or reach, or work around hazardous machinery, dust, allergens, or fumes.  (Doc. 7-8, p. 73). Mr. Dale stated that Ms. Thompson's pain is "present to such an extent as to be distracting to adequate performance of daily activities or work" and that physical activity would greatly increase her pain causing "distraction from tasks or total abandonment of tasks."  (Doc. 7-8, p. 74).

Ms. Thompson's argument that the ALJ should have given Mr. Dale's opinion considerable weight is without merit because it operates from the inaccurate premise that Mr. Dale is Ms. Thompson's treating physician.  Mr. Dale is a certified physician's assistant, not a physician. Mr. Dale's treatment notes reflect his proper title.  (Doc. 7-8, pp. 73, 75, 77, 86) (referring to Mr. Dale as "physician assistant" or "PA-C ").[2]  "[A] medical opinion must be a statement from a physician, a psychologist, or another 'acceptable medical source.'" *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011).   The regulations exclude physicians' assistants from the list of acceptable medical sources. *See* 20 C.F.R. §416.913(a) (listing only the following as acceptable medical sources: licensed physicians; licensed or certified psychologists; licensed optometrists; licensed podiatrists; qualified speech-language pathologists). Because a physician's assistant is not an acceptable medical source, the ALJ is not required to give the opinion of a physician's assistant substantial weight.  *Jones*, 2014 WL 1046003, at *10 (citing *Lawton*, 431 Fed. Appx. at 833-34; 20 C.F.R. § 404.1513). Nevertheless, an ALJ may consider evidence from a physician's assistant "to show the severity [of a claimant's] impairments and how it affects [a claimant's] ability to work."  20 C.F.R. § 404.1513(d)(1).

---

[2] Another judge on this Court recently analyzed an argument much like the one advanced by Ms. Thompson's counsel and concluded that Mr. Dale is a physician's assistant. *See Jones v. Colvin*, 2014 WL 1046003, *10 (N.D. Ala. Mar. 14, 2014) ("Although the claimant refers to Mr. Dale as 'Dr. Dale,' Mr. Dale is a physician's assistant, not a doctor or treating physician.").

The ALJ properly concluded that Mr. Dale's opinion is entitled to little weight. The ALJ reviewed each of the limitations Mr. Dale included in his report and explained that Mr. Dale's findings were inconsistent with Ms. Thompson's treatment records. (Doc. 7-3, p. 22). Specifically, the ALJ noted that Ms. Thompson's hypertension and diabetes were stable and "recent physical examinations generally appeared normal." (Doc. 7-3, p. 22 & Doc. 7-8, pp. 81-99). Additionally, Mr. Dale did not provide specific medical support for his findings. (Doc. 7-3, p 22). Even though the ALJ was not required to give special weight to Mr. Dale's opinion, the ALJ incorporated some of the postural and environmental limitations from Mr. Dale's report into his RFC. The ALJ did not err in his treatment of Mr. Dale's assessment.

The Court also rejects Ms. Thompson's argument that Social Security Ruling 96-5p required the ALJ to re-contact Mr. Dale. (Doc. 9, p. 10). SSR 96-5p states that "[f]or treating sources, the rules also require that we make every reasonable effort to re-contact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us." SSR 96-5p. As explained above, Mr. Dale is not a treating source; therefore, the ALJ had no duty to re-contact Mr. Dale. Moreover, even if Mr. Dale were a treating source, new regulations effective March 26, 2012 state that if the evidence is insufficient, an ALJ "*may* re-contact [a] treating physician,

8

psychologist, or other medical source." 20 C.F.R. § 404.1520b(c)(1) (emphasis added). Thus, the new regulations permit, but do not require, an ALJ to re-contact a treating source. Consequently, the ALJ was under no obligation to re-contact Mr. Dale.

The Court also rejects Ms. Thompson's argument that the ALJ improperly considered the opinion of Dr. Robert Heilpern, a state agency consultant who did not examine Ms. Thompson. (Doc. 9, p. 11). The Eleventh Circuit has recognized that the "opinions of non-examining, reviewing physicians, when contrary to the opinion of a treating physician, are entitled to little weight and do not, 'taken alone, constitute substantial evidence.'" *Gray v. Comm'r of Soc. Sec.*, 550 Fed. Appx. 850, 854 (11th Cir. 2013) (per curiam) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)); *see also Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of non-examining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence."). Nevertheless, if an ALJ properly discounts other opinion evidence, then the ALJ may rely on opinions of non-examining physicians. *See Wainwright v. Comm'r of Soc. Sec.*, 2007 WL 708971 (11th Cir. Mar. 9, 2007) (per curiam) (ALJ properly assigned substantial weight to non-examining sources when he rejected a treating psychologist's opinion and stated proper reasons for doing so); *Ogranaja v. Comm'r of Soc. Sec.*,

186 Fed. Appx. 848, 850-51 (11th Cir. 2006) (per curiam) (an ALJ may consider reports and assessments of state agency physicians as expert opinions; ALJ's decision was supported by substantial evidence because the ALJ "arrived at his decision after considering the record in its entirety and did not rely solely on the opinion of the state agency physicians.").

Here, the ALJ considered and gave "great weight" to Dr. Heilpern's opinion that Ms. Thompson had postural and environmental limitations but no exertional limitations. (Doc. 7-3, p. 22 & Doc. 7-8, pp. 65-73). Although the ALJ adopted some portion of Dr. Heilpern's RFC assessment, the ALJ did so after reviewing and rejecting the other opinion evidence in the record. Moreover, the ALJ assessed other medical evidence, including a consultative examination performed by Dr. Decontee Jimmeh who diagnosed Ms. Thompson with lumbago, degenerative disc disease, and conductive hearing loss. (Doc. 7-3, p. 21 & Doc. 7-8, p. 49). Despite these diagnoses, Dr. Jimmeh found that Ms. Thompson "was able to give 5/5 strength in all proximal and distal muscles in [her] four extremities" and that she had a normal gait. (Doc. 7-8, pp. 47-48). Therefore, the ALJ did not rely solely upon the opinion of a state agency physician in making RFC findings.

Accordingly, substantial evidence supports the ALJ's decision to deny benefits. *See e.g.*, *Osborn v. Barnhart*, 194 Fed. Appx. 654, 667 (11th Cir. 2006) (per curiam) (ALJ did not err in giving more weight to a non-examining physician

and minimal weight to the treating physician because the treating physician's opinion was not supported by objective medical evidence); *Wilkinson v. Comm'r of Soc. Sec.*, 289 Fed. Appx. 384, 386 (11th Cir. 2008) (per curiam) ("The ALJ did not give undue weight to the opinion of the non-examining state agency physician because he did not rely solely on that opinion.").

## **CONCLUSION:**

For the reasons outlined above, the Court finds that the ALJ's decision is supported by substantial evidence, and the ALJ applied proper legal standards. The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Accordingly, the Court affirms the decision of the Commissioner. The Court will enter a separate final judgment consistent with this memorandum of opinion.

**DONE** and **ORDERED** this October 30, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE